# EXHIBIT 2

ctronically FILED by Superior Court of California, County of Los Angeles on 01/18/2022 06:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

22STCV02026

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Laura Seigle

1   Ricardo Lopez, Esq. (SBN 315839)
    RICARDO LOPEZ LAW P.C.
2   100 Oceangate
    12th Floor
3   Long Beach, CA 90802
    Tel: (213) 910-6373
4   Email: rlopez@ricardolopezlaw.com

5   Attorney for Plaintiff
    ZENISHA HAMPTON
6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11  ZENISHA HAMPTON, an individual,          )   **Case No.:** 22STCV02026
                                             )
12              Plaintiff,                    )   **COMPLAINT FOR DAMAGES FOR:**
                                             )
13      v.                                    )
                                             )   1.   **DISCRIMINATION IN VIOLATION**
14  PETSMART LLC, a Delaware corporation; and )        **OF THE FAIR EMPLOYMENT AND**
    DOES 1 through 100, inclusive,            )        **HOUSING ACT;**
15                                            )
                Defendants.                   )   2.   **DISCRIMINATION IN VIOLATION**
16                                            )        **OF THE CALIFORNIA FAMILY**
                                             )        **RIGHTS ACT;**
17                                            )
                                             )   3.   **RETALIATION IN VIOLATION OF**
18                                            )        **THE FAIR EMPLOYMENT AND**
                                             )        **HOUSING ACT;**
19                                            )
                                             )   4.   **FAILURE TO PROVIDE A**
20                                            )        **REASONABLE ACCOMMODATION**
                                             )        **IN VIOLATION OF THE FAIR**
21                                            )        **EMPLOYMENT AND HOUSING ACT;**
                                             )
22                                            )   5.   **FAILURE TO ENGAGE IN A GOOD**
                                             )        **FAITH INTERACTIVE PROCESS IN**
23                                            )        **VIOLATION OF THE FAIR**
                                             )        **EMPLOYMENT AND HOUSING ACT;**
24                                            )
                                             )   6.   **FAILURE TO PREVENT**
25                                            )        **DISCRIMINATION AND**
                                             )        **RETALIATION IN VIOLATION OF**
26                                            )        **THE FAIR EMPLOYMENT AND**
                                             )        **HOUSING ACT;**
27                                            )
                                             )
28  _____ )

                                    1
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

|  | ) | 7. | **WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5;** |
|--|---|----|------|
|  | ) | 8. | **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND** |
|  | ) | 9. | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** |
|  | ) |    | **[DEMAND FOR TRIAL BY JURY]** |

1.    PLAINTIFF ZENISHA HAMPTON ("ZENISHA" or "PLAINTIFF"), an individual, hereby submits this Complaint for Damages against DEFENDANT PETSMART LLC ("PETSMART" or "DEFENDANT"), a Delaware corporation; and DOES 1 through 100, inclusive (collectively, "DEFENDANTS"), and each of them, and alleges as follows:

## JURISDICTION

2.    This Court is the proper Court, and this action is properly filed in Los Angeles County because DEFENDANTS' obligations and liability arise therein, because DEFENDANTS maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was and is performed by PLAINTIFF in Los Angeles County.

## THE PARTIES

3.    PLAINTIFF is and at all times relevant hereto was a resident in the County of Los Angeles, State of California.

4.    PETSMART is and at all times relevant hereto is a Delaware corporation, existing, doing business and employing individuals in the County of Los Angeles, State of California.

5.    DEFENDANTS was PLAINTIFF'S employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise of the DEFENDANTS named herein as DOES 1-100, inclusive, are unknown to PLAINTIFF at this time

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXH. 2 - 16**

and therefore said DEFENDANTS are sued by such fictitious names.  PLAINTIFF will seek leave to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFF. PLAINTIFF is informed and believes and thereupon alleges that each of the fictitiously named DEFENDANTS are responsible for the wrongful acts alleged herein and are therefore liable to PLAINTIFF as alleged hereinafter.

7.   PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

8.   PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS, and each of them, including those DEFENDANTS named DOES 1-100, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so.  PLAINTIFF is further informed and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those DEFENDANTS named as DOES 1-100, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

9.   Whenever and wherever reference is made in this Complaint to any act or failure to act by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed to mean the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

### ALTER EGO, AGENCY, AND JOINT EMPLOYER

10.   PLAINTIFF is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between PETSMART and DOES 1-100 that the individuality and separateness of DEFENDANTS have ceased to exist.

PLAINTIFF'S COMPLAINT FOR DAMAGES

11.     PLAINTIFF is informed and believes, and based thereon alleges that despite the formation of purported corporate existence, DOES 1-100 are, in reality, one and the same as DEFENDANTS, including, but not limited to because:

a.     PETSMART is completely dominated and controlled by DOES 1-100, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind DEFENDANTS to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b.     DOES 1-100 derive actual and significant monetary benefits by and through DEFENDANTS' unlawful conduct, and by using DEFENDANTS as the funding source for their own personal expenditures.

c.     PLAINTIFF is informed and believes that PETSMART and DOES 1-100, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d.     PLAINTIFF is informed and believes, and based thereon alleges, that the business affairs of PETSMART and DOES 1-100 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. DEFENDANTS are, and at all times relevant hereto was, used by DOES 1-100 as a mere shell and conduit for the conduct of certain of DEFENDANTS' affairs, and are, and were, the alter ego of DOES 1-100. The recognition of the separate existence of DEFENDANTS would not promote justice, in that it would permit DEFENDANTS to insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of PETSMART and DOES 1-100 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to PLAINTIFF herein.

12.     Accordingly, PETSMART constitutes the alter ego of DOES 1-100, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based thereon alleges that PETSMART and DOES 1-100 are PLAINTIFF'S joint employers by virtue of a joint enterprise, and that PLAINTIFF was an employee of PETSMART and DOES 1-100. Plaintiff

4

performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in the manner in which DEFENDANTS' business was and is conducted.

## FACTUAL ALLEGATIONS

14.     In June 2007, Zenisha was hired by Petsmart to work as part of the pet salon department.

15.     Over the years, Zenisha was promoted to manager and pet salon leader due to her excellent work and dedication.

16.     As a full-time employee, Zenisha earned $23.00 at the time of her termination.

17.     Zenisha was a competent, diligent, and hardworking employee during the course of her 14-year employment at Petsmart. On or about May 2020, Zenisha suffered a work-related injury affecting her hand and wrist.  Zenisha's work-related injury was a result of lifting dogs for extensive periods of time.

18.     While at work, Zenisha complained to her supervisor Timothy Duffin ("Tim") that she experienced hand and wrist pain as a result of her injury.

19.     Zenisha's hand and wrist pain became so severe that it caused her to go to the ER to seek immediate medical attention.

20.     In response to Zenisha's injury, Tim indicated that he did not approve of Zenisha going on medical leave and seemed irritated that Zenisha complained about her hand and wrist pain.

21.     Tim retaliated against Zenisha because of her perceived disability, disability, and medical condition by issuing Zenisha incorrect paychecks. More specifically, on numerous occasions, Tim issued Zenisha paychecks with the wrong name so she would not be able to cash them. For instance, Tim issued Zenisha paychecks under the name "Zenisha Williams" even though he was well aware that Zenisha's last name was Hampton.

22.     Zenisha complained to corporate about Tim's inappropriate actions by calling headquarters and speaking to a corporate representative. The corporate representative asked Zenisha if Tim was "doing this to everyone." Zenisha informed the corporate representative that Tim did not do this with any other employee.

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXH. 2 - 19**

23.     After complaining to corporate about Tim's retaliatory conduct, Tim confronted Zenisha at work and angrily asked her if she had complained to corporate. Zenisha informed Tim that she had made a complaint to corporate. Tim became annoyed and upset at Zenisha for doing so.

24.     Following Zenisha's complaint to corporate, Tim retaliated against Zenisha by speaking to her in a rude and abrasive manner.

25.     Given the gravity of her disability and medical condition, Zenisha sought additional medical attention from a neurologist.

26.     In May 2020, Zenisha was placed on a temporary total disability due to the severe hand and wrist work-related injury. Zenisha was initially expected to return to work in March 2021.

27.     Zenisha's work-related injury continued to worsen over time, however. Accordingly, Zenisha was *once again* placed on disability leave and her leave was extended to May 3, 2021.

28.     On or about March 21, 2021, Zenisha had a conference call with Human Resources representative Kim Conkling ("Kim") and a representative of the Associate Relations department. During this call, Kim and an Associate Relations representative confirmed and acknowledged that Zenisha had provided the appropriate medical leave documentation and was not expected to return to work until May 3, 2021.

29.     Additionally, on March 31, 2021, Todd left Zenisha a voicemail acknowledging that Zenisha's return date was in May 2021. The voicemail provides: "So we did get a response from the leave of absence team stating that your leave has been extended through the first of May [2021]. You are not to report to work so you are all good. . . ."

30.     Ultimately, supervisor Todd, Kim from HR, and the Associate Relations department were on notice about Zenisha's disability leave and May 3, 2021 expected return date.

31.     In April 2021, Zenisha learned that Petsmart was soliciting job applications for her Manager position as early as December 17, 2020.

32.     The Pet Grooming Salon even posted the position on Snagajob.com.

33.     Zenisha was surprised to learn this because it was Petsmart's customary practice to hold an employee's position open for a year whenever the employee goes on disability leave.

PLAINTIFF'S COMPLAINT FOR DAMAGES

34.     Indeed, it was clear that Petsmart was trying to replace Zenisha six months after going on disability leave.

35.     Despite the March 2021 conference call with Kim and Todd's voicemail reassuring Zenisha that she was cleared to return in May 2021, on April 25, 2021, Zenisha received an email from Kim informing Zenisha that her termination was being processed.

36.     The email further indicated that Zenisha should reach out to the Associate Relations Team to try to rescind the termination.

37.     Upon Kim's recommendation, Zenisha reached out to the Associate Relations Team to try to reverse the termination. Zenisha specifically explained that she was on disability leave and had the appropriate documentation.

38.     Moreover, Zenisha explained that Kim acknowledged that Zenisha was not expected to return from disability leave until May 3, 2021.

39.     Zenisha was informed by HR that it was strange that Petsmart had processed her termination and invited Zenisha to reapply for her position. The HR representative informed Zenisha: "We don't fire people over paperwork, reapply so that the termination is reversed."

40.     Notably, however, Zenisha was informed that she would lose her seniority if rehired, including a lower pay, an inferior job position, and less vacation pay/benefits.

41.     Desperate to return to work and earn an income, Zenisha reapplied to Petsmart knowing that she was losing fourteen (14) years of seniority.

42.     Although Zenisha was invited to reapply, Zenisha was not called back for an interview and did not receive any job offer to return to Petsmart. Zenisha called Kim several times to discuss her options and any further opportunities to return to work, however, Kim ignored, dismissed, and disregarded Zenisha's communications. Zenisha called Kim on numerous occasions only to have her call forwarded to voicemail.

43.     Zenisha has suffered-and continues to suffer-severe emotional distress as a result of her wrongful termination.

44.     Zenisha has received mental health treatment to treat her depression and anxiety.

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXH. 2 - 21**

45.    Zenisha continues to receive monthly medical treatment due to her emotional distress. In fact, Zenisha now takes medication as a result of her emotional distress.

46.    Zenisha has made efforts to seek employment but has failed to find another substantially similar position.

47.    On August 31, 2021, Zenisha exhausted her administrative remedies by filing timely charges of discrimination and retaliation against Petsmart with the California Department of Fair Employment and Housing ("DFEH") and received a notice of her right to sue in a California Superior Court pursuant to Cal. Gov't Code Section 12965(b).

**FIRST CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 *ET SEQ*, AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE**

48.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

49.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

50.    At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

51.    At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m).

52.    At all times relevant to this action, DEFENDANTS unlawfully discriminated against PLAINTIFF, as previously alleged, on the basis of her perceived disability, disability, and medical condition.

53.    DEFENDANTS were substantially motivated to terminate PLAINTIFF because of her perceived disability, disability, and medical condition.

54.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

**EXH. 2 - 22**

55.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

56.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

57.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

58.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

59.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE**

60.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

61.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

62.     At all times relevant to this action, PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS were employers who regularly employed fifty or more persons within the meaning of California Government Code § 12945.2(b)-(c)(2).

63.     DEFENDANTS unlawfully discriminated against PLAINTIFF because of her disability and perceived disability by terminating PLAINTIFF in violation of California Government Code §§ 12945.2(a), 12945.2(t), and 12945.2(l).

64.     DEFENDANTS' decision to terminate PLAINTIFF was substantially motived by her disability and/or perceived disability, as previously pled herein.

65.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

66.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

67.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

68.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an aware of punitive damages is warranted.

69.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXH. 2 - 24

70.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION BY PLAINTIFF FOR RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE**

71.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

72.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

73.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

74.     At all times relevant to this action, California Government Code § 12900 *et seq.* were in full force and effect and were binding upon DEFENDANTS.  These sections, *inter alia*, required DEFENDANTS to refrain from discriminating and retaliating against any employee on the basis of her perceived disability, disability, and medical condition.

75.     DEFENDANT engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of PLAINTIFF'S employment.

76.     PLAINTIFF'S assertion of her rights under California Government Code § 12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for DEFENDANTS' decision to retaliate against PLAINTIFF. DEFENDANTS' conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

77.     DEFENDANTS' retaliatory treatment was substantially motivated by PLAINTIFF'S perceived disability, disability, and/or medical condition.

78.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

79. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

80. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

81. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

82. PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

83. Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE

84. PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

85. At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

86. At all times relevant to this action, DEFENDANT was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXH. 2 - 26**

87.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF'S perceived disability, disability, and/or medical condition.

88.     At all times relevant to this action, DEFENDANT unlawfully failed to provide PLAINTIFF reasonable accommodations in violation of California Government Code § 12926(m) despite the fact that it had actual and constructive knowledge of her disability and need for accommodations.

89.     DEFENDANTS' failure to accommodate PLAINTIFF was substantially motivated by her perceived disability, disability, and/or medical condition, as previously pled herein.

90.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

91.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

92.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

93.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an aware of punitive damages is warranted.

94.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

95.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE**

96.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

97.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

98.     At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

99.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF'S perceived disability, disability, and medical condition.

100.    DEFENDANTS unlawfully failed to engage in a timely, good faith interactive process with PLAINTIFF to determine effective reasonable accommodations even though it had actual and constructive knowledge of her disability and/or perceived disability, in violation of California Government Code § 12940(n).

101.    DEFENDANTS' failure to accommodate PLAINTIFF was substantially motivated by her perceived disability, disability, and medical condition.

102.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

103.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

104.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

105.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an aware of punitive damages is warranted.

106.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

107.    Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### SIXTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE

108.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

109.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

110.    At all times relevant to this action, DEFENDANTS was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

15

PLAINTIFF'S COMPLAINT FOR DAMAGES

111.   California Government Code §§ 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

112.   DEFENDANTS subjected PLAINTIFF to discrimination and retaliation based on PLAINTIFF'S perceived disability, disability, and/or medical condition.

113.   DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  In addition, DEFENDANTS, and each of them, failed to remedy such discrimination and retaliation when DEFENDANTS realized and were informed that it was occurring.

114.   DEFENDANTS' failure to prevent discrimination and retaliation created and encouraged an environment where such discrimination and retaliation was condoned, encouraged, tolerated, sanctioned, and/or ratified.

115.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

116.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

117.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

118.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully

EXH. 2 - 30

concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

119. PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

120. Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION BY PLAINTIFF FOR WHISTLEBLOWER RETALIATION UNDER CALIFORNIA LABOR CODE § 1102.5 AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE**

121. PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

122. At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

123. California Labor Code § 1102.5, subdivision (b), provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

124. At all times herein mentioned California Labor Code § 1102.5 was in effect and binding upon DEFENDANTS, and each of them. Section 1102.5 requires DEFENDANTS to refrain from retaliating against an employee, such as PLAINTIFF.

125. DEFENDANTS subjected PLAINTIFF to an adverse employment action by retaliating against PLAINTIFF.

1    126.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered

2   general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause,

3   PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

4    127.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period

5   of time in the future, will be required to employ physicians and incur additional medical and incidental

6   expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF

7   will seek leave of Court to amend this Complaint to set forth the exact amount when it has been

8   ascertained.

9    128.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,

10   directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their

11   unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with

12   willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully

13   concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive

14   her of employment benefits.  Accordingly, an award of punitive damages is warranted.

15    129.    PLAINTIFF is informed and believes and thereon alleges that the actions of

16   DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior

17   approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified

18   by it as well by the and through its officers, directors, and/or managing agents.

19   **EIGHTH CAUSE OF ACTION BY PLAINTIFF FOR WRONGFUL TERMINATION IN**
     **VIOLATION OF PUBLIC POLICY AGAINST PETSMART LLC AND DOES 1-100,**
20                                      **INCLUSIVE**

21    130.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this

22   Complaint as though fully set forth herein.

23    131.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

24    132.    At all times relevant to this action, California Government Code § 12900 *et seq.* was in

25   full force and effect and was binding upon DEFENDANTS. California Government Code § 12900 *et*

26   *seq.* prohibits DEFENDANTS from discriminating or retaliating against an employee who protests

27   discrimination, and from failing to take all reasonable steps necessary to prevent discrimination from

28   occurring.

18
PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXH. 2 - 32**

133. DEFENDANTS' conduct as previously alleged was in retaliation for PLAINTIFF'S assertion of rights under California Government Code § 12900 *et seq.*

134. PLAINTIFF'S assertion of her rights under California Government Code § 12900 *et seq.* was a substantial motiving reason for DEFENDANTS' decision to terminate PLAINTIFF. DEFENDANT's conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

135. California Government Code § 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of PLAINTIFF'S discharge, and is substantial and fundamental.

136. DEFENDANTS' wrongful termination of PLAINTIFF'S employment was substantially motivated by her perceived disability, disability, and medical condition.

137. As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

138. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

139. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

140. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an aware of punitive damages is warranted.

141.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## NINTH CAUSE OF ACTION BY PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST PETSMART LLC AND DOES 1-100, INCLUSIVE

142.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

143.   By committing the outrageous and malicious acts and omissions complained of herein, DEFENDANTS knew, or should have known, that this conduct would result in PLAINTIFF'S severe emotional distress.  Moreover, DEFENDANTS' acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

144.   As a direct and proximate result of DEFENDANTS' actions and omissions, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

145.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured.  Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, humiliation, and anguish, in an amount more than this Court's minimal jurisdiction.

146.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

147.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF'S rights.  They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF'S employment rights were being violated, with the intent to deprive her of employment benefits.  Accordingly, an award of punitive damages is warranted.

148.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, and other employee benefits, and all other sums of money, together with interest on these amounts; for other general and special damages.

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter.

3. For costs of suit, attorneys' fees and costs pursuant to the Labor Code.

4. For post-judgment interest.

5. For punitive damages pursuant to Civil Code §3294 in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged herein and to deter such conduct in the future.

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA.

7. For penalties as required under the Labor Code.

8. For any other relief as the Court deems just and proper.

/ / /

/ / /

**EXH. 2 - 35**

1

Dated: January 18, 2022

RICARDO LOPEZ LAW P.C.

2

3

By:  *Ricardo Lopez*

Ricardo Lopez, Esq.

4

Attorney for Plaintiff
Zenisha Hampton

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXH. 2 - 36

1

**DEMAND FOR JURY TRIAL**

2

PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which

3

he has a right to jury trial.

4

5

Dated:  January 18, 2022                          RICARDO LOPEZ LAW P.C.

6

7                                          By:  *Ricardo Lopez*
                                                 Ricardo Lopez, Esq.

8
                                                 Attorney for Plaintiff
9                                                Zenisha Hampton

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

PLAINTIFF'S COMPLAINT FOR DAMAGES